# CUMBERLAND,

## STURDIVANT *vs.* SWEETSIR & *al.*

Where, in the levy of an execution, the appraisers were sworn to appraise real estate to satisfy " *the execution,*" omitting, " *and all fees,*" the levy was nevertheless held to be valid.

The officer's return stated, that the debtor *refusing* to choose an appraiser, two were appointed by the officer himself. *Held,* that this was equivalent to a statement that the debtor was *notified* to choose.

In levying an execution upon real estate, the appraisers may lawfully take into consideration, the contingent right of dower in the wife of the debtor.

THIS was an action of *trespass,* for breaking and entering the plaintiff's close in the town of *Cumberland,* and cutting and carrying away a quantity of hay. The general issue was pleaded and joined. Both parties claimed title under one *David Spear,* — the defendants by deed, and the plaintiff by the levy of an execution. To the validity of this levy, the defendant objected. 1. Because the appraisers were not sworn to satisfy the execution, " *and all fees.*" 2. Because two of the appraisers were chosen by the officer, and it did not appear that the defendant had been *notified* to choose an appraiser — though the return did state that the debtor *refused* to choose. 3. Because the appraisers appraised the estate, subject to the contingent right of dower in the wife of the debtor.

These objections were overruled by *Parris J.,* and a verdict was thereupon taken for the plaintiff, which was to stand, or be set aside, as the opinion of the whole Court should be upon the correctness of the foregoing ruling.

And now, after the cause had been briefly spoken to, by *Daveis* for the plaintiff, and *Longfellow* for the defendant, the Court sustained the ruling of the Judge at *nisi prius,* and ordered judgment on the verdict.